NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

AUG 22 2025

FOR THE NINTH CIRCUIT

GRISEL PALLARES-MEDINA; L. A. GUZMAN-PALLARES; G. G. GUZMAN-PALLARES,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3184

Agency Nos.
A246-597-420
A246-597-421
A246-597-422

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2025[**]
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Grisel Pallares-Medina, together with her minor children, seeks review of the

Board of Immigration Appeals' ("BIA") decision dismissing an appeal of the

Immigration Judge's ("IJ") denial of her applications for asylum, withholding of

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's legal conclusions de novo and the agency's factual findings for substantial evidence, *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021), and we deny the petition.[2]

To qualify for asylum, a petitioner must prove an inability to return to his or her country of origin "because of persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101 (a)(42)(A). The persecution must be by the government or a group the government is unable or unwilling to control. *Singh v. Garland*, 57 F.4th 643, 652 (9th Cir. 2023). Pallares-Medina contends she suffered persecution because the man who killed her father in 2004—who is in a Mexican prison serving a lengthy sentence for the murder—is rumored to wish to harm her and her children when he is released.

Substantial evidence supports the BIA's holding that Pallares-Medina is ineligible for asylum. The IJ found that Pallares-Medina failed to establish the

---

[1] Because all petitions rely on the facts set forth in Grisel Pallares-Medina's ("Pallares-Medina") application, we refer to her application when evaluating Petitioners' argument for ease.

[2] The court has issued a show-cause order to Adolfo Ojeda-Casimiro, counsel for Pineda-Guardado, based on the poor quality of his briefing in this matter. *See* Order to Show Case, *In re Adolfo Ojeda-Casimiro, Esq.* (Aug. 20, 2025) (No. 25-5260).

government of Mexico was unable or unwilling to control the man she fears given that he was arrested, convicted, and remains in jail, and she failed to challenge this finding before the BIA, which considered the issue waived. As the issue is unexhausted, we also may not address it here. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); 8 U.S.C. § 1252(d)(1). This issue alone is dispositive, but substantial evidence also supports the BIA's alternative holding that Pallares-Medina did not suffer past persecution and did not establish an objectively reasonable fear of future persecution. She did not personally suffer any harm, was never threatened directly, and testified only to unsubstantiated rumors. *See Duran-Rodriguez v. Barr,* 918 F.3d 1025, 1028 (9th Cir. 2019). Having failed to satisfy the requirements for asylum, Pallares-Medina necessarily failed to satisfy the higher standard for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (noting threats alone, particularly vague ones, rarely constitute persecution).

Pallares-Medina also sought humanitarian asylum. Substantial evidence supports the BIA's conclusion that she is not eligible for this relief. Such relief is "reserved for rare situations of 'atrocious' persecution, where the [noncitizen] establishes that, regardless of any threat of future persecution, the circumstances surrounding the past persecution were so unusual and severe that he is unable to return to his home country." *Vongsakdy v. INS*, 171 F.3d 1203, 1205 (9th Cir. 1999).

Substantial evidence supports the BIA's conclusion that she did not suffer persecution at all, let alone of the severity required for this rare relief.

The BIA also affirmed the IJ's denial of CAT protection and held that Pallares-Medina waived any challenge to the denial of her CAT claim because she made only "general and conclusory arguments" that she was entitled to protection without meaningfully challenging the IJ's findings. Having failed to properly exhaust her CAT claim before the BIA, we may not consider it in the first instance. *Umana-Escobar*, 69 F.4th at 550.

**PETITION DENIED.**